**In re Karson Scott TURNER, Sarah Neva Morrison, Debtors.**

**No. 07–21467 ABC.**

United States Bankruptcy Court, D. Colorado.

March 24, 2008.

Charles S. Parnell, Esq., Parnell and Associates, P.C., Wheat Ridge, CO, for the Debtors.

William R. Lambert, Esq., Denver, CO, for the Chapter 13 Trustee, Sally Zeman.

## ORDER DENYING DEBTORS' MOTION TO RECONSIDER

A. BRUCE CAMPBELL, Bankruptcy Judge.

THIS MATTER is before the Court on the Debtors' Motion to Reconsider Order Regarding Dismissal of Chapter 13 Case ("Motion"). Debtors seek reconsideration of this Court's January 16, 2008 Order Regarding Dismissal of Chapter 13 Case ("Order"). The Court has considered the Motion and the record in this case [1] and finds that Debtors' have not stated grounds upon which to reconsider the Order.

On January 9, 2008, this case had come before the Court on the Debtors' Chapter 13 plan and the Chapter 13 Trustee's objection to confirmation of that plan. The Trustee objected to confirmation of Debtors' plan, in part, because Debtors had not filed their Form B22C, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("B22C"). Without Form B22C, the Trustee argued, she is unable to determine whether Debtors' plan provides for the minimum distribution to class 4 unsecured creditors.

On January 9, 2008, at the status conference on the Trustee's Objection to Confirmation, the Trustee contended that because Debtors filed their Form B22C later than 45 days into their case, their case had been dismissed by operation of 11 U.S.C.

§ 521(i)(1). The matter was set for hearing for further consideration of the issue.

On January 16, 2008, based upon the absence of any factual dispute, the Court issued its Order. The Order did not dismiss Debtors' case but found and declared that Debtors' case had been dismissed effective November 26, 2007 by operation of statute, 11 U.S.C. § 521(i)(1).

The issue which is presented by Debtors is whether the information contained in Official Form B22C is that which a debtor must file to fulfill his or her duties under 11 U.S.C. § 521(a)(1). If it is not, which Debtors argue, then their case was not dismissed by operation of section 521(i)(1).

Debtors filed their Chapter 13 case on October 10, 2007. They filed their case without all the necessary information required by 11 U.S.C. § 521(a)(1). On November 6, 2008, Debtors sought to cure the deficiencies in the filing of their case. They did not, however, file a Form B22C with those documents. They eventually filed their Form B22C on December 13, 2007, well over 45 days into their case.

At the January 9, 2008 status conference on the Trustee's objection to confirmation of Debtors' plan, the Chapter 13 Trustee argued that this case was dismissed on the 46th day by operation of section 521(i)(1). Section 521(i)(1) provides that:

> ... if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

---

1. On February 7, 2008, this Court issued an Order to the Chapter 13 Trustee affording her an opportunity to respond to the Debtors' Motion. The Trustee did not file any response.

Debtors argue in their Motion that Form B22C is not one of the documents mandated to be filed by section 521(a)(1). They assert that the information contained in their Schedules I and J, which were timely filed, is sufficient to meet the requirements of both sections 521(a)(1)(B)(ii) and (v). Thus, they assert their case was not "automatically" dismissed on the 46th day of their case by operation of that statute.

■ To address the issue raised by Debtors, this Court must analyze provisions of the Bankruptcy Code which were added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). In general, the provisions of BAPCPA which amended the Bankruptcy Code are not the model of statutory drafting that courts hope to have when being asked to interpret statutes. Nevertheless, courts must, and this Court will, endeavor to interpret the statute to fulfill the intentions of the drafters.

■ Section 521(a)(1) sets forth a list of documents that a debtor, as part of his duties, must file. The debtor must file:

(A) a list of creditors; and

(B) unless the court orders otherwise

(i) a schedules of assets and liabilities;

(ii) **a schedule of current income and current expenditures;**

(iii) a statement of the debtor's financial affairs . . .;

(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

(v) **a statement of the amount of monthly net income, itemized to show how the amount is calculated;** and

(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12–month period following the date of the filing of the petition. (Emphasis added).

It is the Debtors' contention that Form B22C is not a form which must be filed to fulfill the debtor's duties under section 521(a)(1).[2] They assert their duty is fulfilled by filing Official Forms Schedules I and J. Debtors point to the fact that the documents listed in section 521(a)(1)(A) and (B)(i)-(iii) are those which debtors were required by section 521(1), the pre-BAPCPA predecessor to those sections. Among those, is the requirement that the debtor file **a schedule of current income and current expenditures.**

The debtor is also required to file pursuant to section 521(a)(1), particularly section 521(a)(1)(B)(v), **a statement of the amount of monthly net income, itemized to show how the amount is calculated.** That is a requirement that was added with BAPCPA. Debtors here contend that the section 521(a)(1) filing requirements added by BAPCPA, 521(a)(1)(B)(iv) through (vi) do not have Official Forms which correspond with them. Rather the duty to file a **"statement of the amount of monthly net income, itemized to show how the amount is calculated"** which BAPCPA adds to the list of documents a debtor must file, is now fulfilled by filing the Official Forms for Schedules I and J, which were also amended with BAPCPA. The Debtors' find support for that view in

2. Federal Rule of Bankruptcy Procedure 1007[Interim] sets forth the procedure and the time limits for filing the documents required to be filed by the statute at section 521(a)(1). That rule, Fed.R.Bankr.P. 1007(b) [Interim], is titled "Schedules, Statements, and Other Documents Required." Prior to BAPCPA, it was titled "Schedules and Statements."

the 2005–2007 Advisory Committee Note to Official Form 6, the Schedules. **Official Bankruptcy Form 6, 2005–2007 Note of the Advisory Committee on the Bankruptcy Rules of the United States Judicial Conference,** *reprinted in* **Norton Bankruptcy Rules 2007–2008 Edition,** at 1062 (Thomson/West 2007).

■ Regardless of the Committee Note, this Court cannot agree with the Debtors or the suggestion in the Committee Note to the Official Forms. A cornerstone of BAPCPA is the "means test." The means test is used in Chapter 7 to determine whether a debtor's bankruptcy filing should be dismissed as abusive. The means test starts with a calculation of "current monthly income" as defined in section 101(10A) of the Code.[3] "Current monthly income" ("CMI") is an average of debtor's income for the 6–month period prior to the filing of his case if he filed "the schedule of current income required by section 521(a)(1)(B)(ii);" or, if the debtor does not file that schedule, then the 6–month period ending on the date the court makes the determination of "current income."

■ Schedule I–Current Income of Individual Debtor(s) refers to a different measure of income. Current income on Schedule I is an estimate of the average or projected monthly income **at the time the case is filed;** and that monthly income figure on Schedule I is the same as that which a debtor was to have provided pre-BAPCPA.

■ When determining whether a Chapter 7 debtor's case is presumed abusive, the calculation starts with debtor's "current monthly income." From that number, a debtor must subtract certain standardized deductions tied to the Internal Revenue Service National and Local Standards and other deductions for secured debt, resulting in a "net" figure of monthly disposable income.

In a Chapter 13, the debtor must start from precisely the same point, and calculate his "current monthly income," and if his CMI exceeds applicable median family income, he must perform essentially the same calculation a Chapter 7 debtor must and deduct the same standardized expenses and debt payments resulting once again in a "net" figure of monthly disposable income. These calculations which are mandated by sections 707(b)(2)(A) and 1325(b)(2) and (3) of the Code are performed through the use of Official Forms B22A and B22C, respectively.

Federal Rule of Bankruptcy 1007(b)(1)[Interim] prescribes that debtors file:

... the following schedules, statement, and other documents, prepared as prescribed by the appropriate Official Forms, if any:

(A) schedules of assets and liabilities;

(B) a schedule of current income and expenditures;

(C) a schedule of executory contracts and unexpired leases;

(D) a statement of financial affairs;

---

**3.** "Current monthly income" means the average monthly income from all sources that the debtor receives ... without regard to whether such income is taxable income, derived during the 6–month period ending on—

(i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or

(ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); . . . .

(E) copies of all payment advices or other evidence of payment ...; and (F) a record of any interest that the debtor has in an account or program of the type specified in § 521(c) of the Code.

Notably absent from that list is a reference to a **"statement of the amount of monthly net income, itemized to show how the amount is calculated."** At subsections (b)(4), (5) and (6) of Rule 1007, however, are the requirements that a Chapter 7, 11 and 13 debtor file a "statement of current monthly income" prepared as prescribed by the appropriate Official Forms, particularly Forms B22A, B22B and B22C respectively. The 2005 Committee Notes to the Official Forms observe that three distinct Official Forms were necessary to reflect the different uses of the means test in each chapter even though each calculation starts from the same calculation of current monthly income.

All of this taken together leads this Court to conclude that the debtor's duty to file a "statement of the amount of monthly net income, itemized to show how the amount is calculated," which was added to section 521 by BAPCPA as subsection (a)(1)(B)(v), can only be fulfilled by filing Forms B22A, B22B or B22C. First, there would have been no need to add to the debtor's duties that he file a "statement of the amount of monthly net income, itemized to show how the amount is calculated" if it was meant only to refer to a minor change to the form of Schedule J. The debtor's duty to file Schedules I and J is included in section 521(a)(1)(B)(ii), and that requirement existed before BAPCPA.

Secondly, if section 521(a)(1)(B)(v) is interpreted as the Debtors suggest, there is no statutory requirement that a debtor provide the information called for by the Official Forms B22A, B22B or B22C. With-

out this information, there is no way to implement the provisions of BAPCPA (sections 707(b); 1129(a)(15)(B); and 1325(b)(2)) which require that the means test and disposable income calculations be performed. It is only section 521(a)(1)(B)(v) of the Code which imposes on the debtor a requirement to file the information necessary to perform the calculations fundamental to some of the most profound changes engrafted into the Code with BAPCPA: the concept of "current monthly income;" the "means test;" the "applicable commitment period;" and the refined definition of "disposable income," Accordingly, it is

ORDERED that Debtors' Motion to Reconsider Order Regarding Dismissal is DENIED.